# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEBRHATO TSEHAI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL G. ADAMS, WARDEN, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:05-CV-00158-REC-LJO-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

I.　Screening Order

　　A.　Screening Requirement

Plaintiff Mebrhato Tsehai ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 7, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
3 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467
4 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt
5 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
6 standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.
7 Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most
8 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395
9 U.S. 411, 421 (1969).

10   B.   Plaintiff's Claims

11    The events at issue in the instant action allegedly occurred at the California State Prison-
12 Corcoran, where plaintiff was incarcerated at the time.  Plaintiff names Warden A. K. Scribner,
13 Lieutenant A. Diaz, and Correctional Officers Mossll, Ruiz Heriberto, and R. Salinas, Jr. as
14 defendants. Plaintiff is seeking money damages and injunctive relief.  Plaintiff appears to be alleging
15 a claim for relief for violation of the Eighth Amendment based on an incident that occurred on
16 November 13, 2003, in which defendant Diaz sprayed him with pepper spray.

17    1.   Excessive Force Claim

18    "Whenever prison officials stand accused of using excessive physical force in violation of
19 the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is
20 . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously
21 and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v.
22 Albers, 475 U.S. 312, 320-21 (1986)).  "In determining whether the use of force was wanton and
23 unnecessary, it may also be proper to evaluate the need for application of force, the relationship
24 between the need and the amount of force used, the threat 'reasonably perceived by the responsible
25 officials,' and 'any efforts made to temper the severity of a forceful response.'"  Hudson, 503 U.S.
26 at 7.  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not
27 end it."  Id.
28 ///

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Plaintiff's conclusory allegation that he was pepper sprayed is insufficient to support a claim that defendant Diaz used excessive force against him, thereby violating his Eighth Amendment rights. The court will provide plaintiff with the opportunity to file an amended complaint clarifying his claim(s).

With respect to defendants Scribner, Mossll, Heriberto, and Salinas, plaintiff has not alleged any facts that support a claim against them. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Because plaintiff has failed to link defendants Scribner, Mossll, Heriberto, and Salinas with some affirmative act or omission, plaintiff fails to state any claims against them.

3

With respect to defendant Warden Scribner, plaintiff is informed that liability may not be imposed on supervisory personnel under section 1983 for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between her and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

### 2. Restoration of Time Credits

Although plaintiff does not allege any facts concerning the loss of time credits, plaintiff seeks the restoration of time credits in his prayer for relief. Where, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the loss of time credits affects the duration of plaintiff's sentence, a claim based on the deprivation of the credits is barred until such time as plaintiff invalidates the result of the disciplinary hearing.

### C. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an

1  amended complaint curing the deficiencies identified by the court in this order.

2      Plaintiff is informed he must demonstrate in his complaint how the conditions complained
3  of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d
4  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is
5  involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
6  connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S.
7  362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740,
8  743 (9th Cir. 1978).

9      Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
10 complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
11 supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once
12 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
13 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
14 of each defendant must be sufficiently alleged.

15     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

16     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims
17         upon which relief may be granted under section 1983;

18     2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

19     3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
20         amended complaint; and

21     4.    If plaintiff fails to file an amended complaint in compliance with this order, the court
22         will recommend that this action be dismissed, with prejudice, for failure to state a
23         claim upon which relief may be granted.

25 IT IS SO ORDERED.

26 **Dated:   August 8, 2005**            /s/ Lawrence J. O'Neill
    b9ed48                            UNITED STATES MAGISTRATE JUDGE