UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEBRHATO TSEHAI,<br><br>        Plaintiff,<br><br>    v.<br><br>A. K. SCRIBNER, WARDEN, et al.,<br><br>        Defendants. | CASE NO. 1:05-CV-00164-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 10) |

I.    Findings and Recommendations Following Screening of Amended Complaint

    A.    Procedural History

Plaintiff Mebrhato Tsehai ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 7, 2005. On August 8, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983. Plaintiff filed an amended complaint on September 6, 2005.

    B.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

    C.    Plaintiff's Excessive Force Claim

The events at issue in the instant action allegedly occurred at the California State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names Lieutenant A. Diaz as a defendant, and alleges that defendant Diaz used excessive force against him when Diaz sprayed him with pepper spray.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In

///

order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Plaintiff was previously advised that his "conclusory allegation that he was pepper sprayed is insufficient to support a claim that defendant Diaz used excessive force against him, thereby violating his Eighth Amendment rights." (Doc. 9, 3:8-10.) Plaintiff again alleges that defendant sprayed him with pepper spray. (Amend. Comp., § IV.) Plaintiff's exhibits establish that defendant utilized the pepper spray after plaintiff began yelling and kicking the cell door. (Id., Exh., p. 3.) These allegations are insufficient to support a claim that defendant Diaz violated by plaintiff's rights under the Eighth Amendment by using excessive force against him. Accordingly, the court shall recommend dismissal of this action.

///

D.   Conclusion

The court finds that plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983 against defendant Diaz. Plaintiff was previously provided leave to amend to cure the deficiency in his claim, but failed to do so.[1] Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a clam upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 13, 2006**                                    /s/ Lawrence J. O'Neill
b9ed48                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Due to an administrative error, the order bore the number of another case filed by plaintiff, 1:05-CV-00158-REC-LJO-P. Despite the error, the order was filed and docketed in this case, and addressed plaintiff's complaint in this case.